IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID DANIELS                                                                       PLAINTIFF

v.                          Civil No. 06-5142

JUDGE TOM KEITH                                                                  DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, David Daniels, filed this civil rights action on July 31, 2006. He proceeded pro se and in forma pauperis (IFP). Daniels now seeks leave to appeal IFP and the motion has been referred to the undersigned.

### BACKGROUND

On October 31, 2006, a report and recommendation was entered on October 31, 2006 (Doc. 8). It recommended dismissal of the case on the grounds the defendant Circuit Judge Tom Keith was immune from suit. On November 17, 2006, Daniels filed objections to the report and recommendation (Doc. 9). The report was adopted and the case dismissed on January 3, 2007 (Doc. 10).

On April 24, 2007, Daniels filed a notice of appeal (Doc. 11). In the notice, Daniels asserts that he did not know that "he could be granted an appeal." On May 21, 2007, Daniels filed a motion for leave to appeal IFP (Doc. 15) and a motion to extend the time to file an appeal (Doc. 16). In the motion requesting an extension of time to appeal, Daniels asserts that he was incarcerated, under medication, his legal mail was taken, he could not send and receive mail in the proper manner, and his mail was thrown out and/or placed in his property.

## DISCUSSION

Federal Rule of Appellate Procedure 4(a)(1)(A) generally requires a notice of appeal to be filed within thirty days after the judgment or order appealed from is entered. This time can be extended under certain circumstances. Specifically, Federal Rule of Appellate Procedure 4(a)(5)(A) allows the district court upon a finding of excusable neglect or good cause to extend the time to file a notice of appeal if the party moves no later than thirty days after the time otherwise prescribed expires.

Daniels' motion for an extension of time was not filed until May 21, 2007. The case was dismissed by order entered on January 3, 2007. Clearly, the court cannot grant Daniels an extension of time to file his notice of appeal under Rule 4(a)(5).

Under Rule 4(a)(6) the court may reopen time to appeal for a period of fourteen days if the following three conditions are met: (1) the court finds the moving party did not receive notice under Rule 77(d) of the Federal Rules of Civil Procedure of entry of the judgment to be appealed within twenty-one days after entry; (2) the motion is filed within 180 days after the judgment is entered or within seven days after the moving party receives notice under Rule 77(d) of entry whichever is earlier; and (c) the court finds that no party would be prejudiced. *See American Boat Co. v. Unknown Sunken Barge*, 418 F.3d 910, 913 (8th Cir. 2005).

Daniels makes no argument that he did not have notice of the dismissal of the case. The notice of appeal is therefore untimely.

## CONCLUSION

Pursuant to 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." I therefore recommend as follows:

-2-

AO72A
(Rev. 8/82)

(1) the motion for an extension of time to appeal be denied; (2) the motion to appeal IFP be denied as the appeal is untimely and therefore not taken in good faith, 28 U.S.C. § 1915(a)(3). I further recommend that the clerk be directed to collect the $455 filing fee pursuant to the terms of the Prison Litigation Reform Act.  Plaintiff may, of course, renew his motion for leave to appeal IFP with the Court of Appeals for the Eighth Circuit. Fed. R. App. P. 24(a).

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of May 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE